## BOLANDER *v.* GENTRY.

FEES OF CLERK OF SUPREME COURT.—On application to dismiss an appeal on certificate of the Clerk of the District Court, the fees to be paid are the same as on filing a transcript—twenty-five dollars; and the Clerk cannot be required to file the certificate, or enter any order in the case, till the fees are paid.

The facts are stated in the opinion of the Court.

By the Court, SAWYER, C. J.:

The respondent in this case moved to dismiss the appeal in pursuance of the second, third, and fourth rules of this Court, upon a certificate of the Clerk of the District Court in all respects conforming to the provisions of Rule IV. The Court directed the appeal to be dismissed upon filing the certificate. The Clerk declined to file the certificate, or enter the order, until payment of the fees, as provided in the Act of April 2d, 1866. The moving party claims that, because no transcript is filed, there are no fees to be paid. The second section reads as follows: "In all cases hereafter appealed to the Supreme Court the fees of the Clerk shall be twenty dollars in each case, which shall be in full for all services to be rendered by said Clerk from and including the filing of the transcript to and including the issuing of the remittitur to the Court below, and shall be for the use of the State Treasury, and shall be collected by the said Clerk

in gold coin, and in all cases be payable, and may be exacted in advance and before the corresponding service is rendered." (Laws 1865-6, p. 688.)

Thus it is provided that "in all cases hereafter appealed to the Supreme Court, the fees of the Clerk shall be twenty dollars." The case in which the appeal is dismissed is a case "appealed to the Supreme Court," and it is brought into this Court and finally disposed of by a judgment of dis-. missal. There is no difference in the final result between a case dismissed under the rule, and one decided upon the merits on a transcript filed. The only difference is, in the mode of getting possession of the case by this Court. In one case a transcript is filed, and in the other, the certificate of the Clerk, made in pursuance of Rule IV, which is, for the purposes of the action of the Court, but a substitute— and a far less expensive one—for the transcript. Until the certificate or transcript is filed, the Court does not get possession of the case. But in either mode the case is a case appealed, and the judgment is final. The clause added, "which shall be in full for all services to be rendered by the said Clerk from and including the filing of the transcript to and including the issuing of a remittitur to the Court below," is not added for the purpose of limiting the class of cases, in which fees are to be paid, to those brought into the Court by means of a transcript, but is added, out of abundant caution, to show that no more fees shall be charged in any case, from and including the first acts to be done by the Clerk, to and including the last, that there shall be no possible ground for charging more than is intended. A remittitur goes in the case of a dismissal as well as in other cases. It is said that it is a great hardship to charge so large a fee for so small a service. This may be a good argument to be addressed to the Legislature. But the hardship is more apparent than real. In fact, it is by far the least expensive mode of bringing a case to this Court and obtaining a final judgment. There is no transcript or briefs to be made out or printed, and the respondent obtains a final judgment in his favor

without further trouble or uncertainty. And he, of course, recovers from his adversary the costs he pays. There is certainly no better reason for bringing a suit into this Court in this form, and having it finally adjudged without payment of any costs, than for demanding the gratuitous action and services of the Court and its officers in any other form. However this may be, we are of opinion that the statute requires the fee to be paid, and it makes the Clerk responsible to the treasury for it, whether collected or not; and for his own protection, the law authorizes him to demand the fee before the service is performed.

A recent statute has added five dollars for a Court Library Fund, so that the amount now to be paid is twenty-five dollars. The motion requiring the Clerk to file the certificate of the Clerk of the District Court and enter the order of dismissal, without payment of the fees, denied.